UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                              ORDER

MEHDI MOSLEM and SAAED MOSLEM,

                                     No. 19-CR-547 (CS)
        Defendants.                  No. 23-CV-1444 (CS)
-------------------------------------------------------x

Seibel, J.

The Court assumes familiarity with its October 23, 2023 Order, (ECF No. 344), denying

in part and deferring in part Defendants' petition pursuant to 28 U.S.C. § 2255, (ECF No. 266

(the "Petition" or "Pet.").[1]   In that Order, which is incorporated herein, the Court deferred

certain issues pending the Second Circuit's ruling on Defendants' direct appeal.   (*See* ECF No.

344 at 2-7.)   That appeal was decided on December 5, 2025.   (*See* ECF Nos. 414-415.)   Now

before the Court are the parties' responses to the Court's December 8, 2025 Order that Mehdi

Moslem, Saaed Moslem and the Government "each state, by letter of no more than 2 pages, what

issues raised by Defendants' 2255 motion they believe remain to be determined."   (ECF No. 416

(the "December 8 Order").)

The Government responded that the "remaining two claims are based on the alleged

ineffectiveness of [Defendants'] attorneys because they did not object to the introduction of

unsigned income tax returns into evidence, and the consensual audio recordings made by

[cooperating witness Stephen] Strauhs."   (ECF No. 419 at 2.)   For reasons explained in a

---

[1] All docket references are to No. 19-CR-547.

1

separate order also dated today, Mehdi Moslem's purported response to the December 8 Order, (ECF No. 418), is disregarded. Saaed Moslem did not respond to the December 8 Order, but submitted a document that purports to be "Defendants' Joint Response" to the Government's response. (ECF No. 420.) It is not responsive to either the December 8 Order or the Government's response thereto, because it discusses matters that are not raised in the § 2255 motion.[2] It is also clearly not signed by Mehdi Moslem. Rather, his son and co-Defendant Saaed Moslem has signed Mehdi Moslem's name, *compare* ECF Nos. 410, 412 *with* ECF Nos. 399, 403, purportedly under penalty of perjury. That the submission is fraudulent is reason enough to disregard it.

I concur with the Government that ineffective assistance based on failure to object to the introduction of unsigned tax returns and consensual recordings remains to be addressed. There is also a *Dubin* issue that arguably remains. Defendants' original Petition raised four issues: (1) that the statute of limitations barred the prosecution because Strauhs left the conspiracy in 2012; (2) that defense counsel were ineffective for not raising that issue; (3) that the tax loss was incorrectly calculated; and (4) that the Court should have re-assigned counsel for Saaed Moslem during the *Fatico* hearing. (*See* Pet.) By requests to amend that the Government did not oppose, Defendants raised: (5) ineffective assistance with respect to: (a) the cross-examination of Strauhs; (b) the admission of unsigned tax returns; and (c) the admission of consensual recordings. (*See* ECF Nos. 328, 332-33.) In my initial decision on the Petition, I decided issues 1, 2 and 5(a), and held the remaining issues in abeyance pending the Second Circuit's

---

[2] The substance of the submission is meritless for the reasons set forth in my Order of today addressing Mehdi Moslem's purported response.

decision on Defendants' direct appeal.   (ECF No. 344.)   After that decision and while the appeal was pending, Defendant Saaed Moslem, by request to amend that the Government did not oppose, raised (6) that his conviction for aggravated identity theft under 18 U.S.C. § 1028A was invalid under *Dubin v. United States*, 599 U.S. 110 (2023).   (*See* ECF Nos. 373, 377-78.)   On appeal, the Second Circuit rejected Defendants' arguments on issues 3, 4 and 6.   *See United States v. Moslem*, No. 22-2789, 2025 WL 2731320 (2d Cir. Sept. 25, 2025) (summary order).[3] That leaves issues 5(b) and 5(c).

---

[3]   Although the Circuit reviewed the sufficiency of the evidence for Saaed Moslem's § 1028A conviction for plain error, *see Moslem*, 2025 WL 2731320, at *3-4, its rejection of the issue Saaed Moslem raises here – that *Dubin* narrowed the applicability of § 1028A such that the allegations here fall outside its scope, (*see* ECF No. 373 ¶¶ 3-4; ECF No. 378 at 2) – appears to have been a purely legal conclusion:

> We likewise reject Saeed's contention that the use of Stephenson's personal information was merely "ancillary" to the fraud and therefore outside the scope of the aggravated identity theft statute.   *See Dubin v. United States*, 599 U.S. 110, 114 (2023).   Unlike in *Dubin*, where the doctor's overbilling scheme depended not on mispresenting "*who* received [his] services" but rather "*how* and *when* [his] services were provided," *id.* at 132, Saeed's use of Stephenson's means of identification was "at the crux of what makes [the] underlying offense criminal," *id.* at 114.   The loan would have been approved on the false premise that it was Stephenson herself who applied for it. *See id.* at 123 (describing how the statute is violated when the "deception goes to 'who' is involved" in the transaction with the deceived party).   *Dubin* does not require vacating Saeed's conviction.

*Moslem*, 2025 WL 2731320, at *4.   For avoidance of doubt, to the extent the Second Circuit did not fully resolve Saaed Moslem's *Dubin* objection, it is without merit.   Essentially for the reasons set forth by the Government in ECF No. 377 and for the reasons set forth by the Second Circuit, *see Moslem*, 2025 WL 2731320, at *4, which apply equally to plain-error and *de novo* review, there was no error.   Further, that the facts of Saaed Moslem's offense may have been outside the heartland for purposes of the Sentencing Guidelines has no bearing on whether his conduct meets the elements of the crime.

Issues 5(b) and 5(c) are without merit essentially for the reasons set forth by the Government in ECF No. 332.   The Government offered testimony and exhibits demonstrating that the unsigned tax returns were filed with the Internal Revenue Service by Strauhs with Defendants' authorization.   A taxpayer has no privilege or expectation of privacy in information disclosed to the Government in tax returns.   *See Couch v. United States*, 409 U.S. 322, 335-36 (1973).   "While there may be an expectation of privacy insofar as the world at large is concerned, [a taxpayer] cannot reasonably have such an expectation with regard to the IRS which, the taxpayer knew, could call for all materials underlying the tax returns and payments." *United States v. Arthur Young & Co.*, 496 F. Supp. 1152, 1157 (S.D.N.Y. 1980), *aff'd in part, rev'd in part*, 677 F.2d 211 (2d Cir. 1982), *aff'd in part, rev'd in part*, 465 U.S. 805 (1984). Further, that Strauhs was a criminal cooperating with the Government does not make the returns any less authentic.   Thus, any objection by counsel to the introduction of the returns would have been unsuccessful, and they were not ineffective for not so objecting.   *See, e.g.*, *Harrington v. United States*, 689 F.3d 124, 130 (2d Cir. 2012); *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995); *Beniquez v. Johnson*, No. 21-CV-1467, 2023 WL 3948738, at *17 (S.D.N.Y. June 12, 2023), *appeal dismissed*, No. 24-444, 2024 WL 3895276 (2d Cir. July 26, 2024).

Likewise, that Strauhs used his status as an accountant to commit crimes and to cooperate with the Government does not make the recordings he made any less authentic, consensual or admissible.   That Defendants – like every defendant who incriminates himself while being unwittingly recorded by a cooperator – did not know that Strauhs was a cooperator does not make Strauhs's consent to the recording any less valid.   *See United States v. Bonanno*, 487 F.2d 654, 658 (2d Cir. 1973) ("The guarantee of privacy recognized in *Katz* was against governmental

interception not reasonably expectable by either party, not against governmental listening or recording with the consent of the other party.").   Again, counsel cannot have been ineffective for failing to raise an objection that would not have prevailed.

CONCLUSION

For the reasons stated above and in ECF No. 344, the Petition is denied.   As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.   *See* 28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

The Clerk of Court is respectfully directed to:   1) docket this Order in both of the above-captioned cases; 2) terminate ECF No. 283 in No. 19-CR-547; 3) close No. 23-CV-1444; (4) send a copy of this Order to Saaed Moslem, No. 87068-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640; and 4) send a copy of this Order to Mehdi Moslem, 138 Smith Clove Road, Central Valley, NY 10917.

SO ORDERED.

Dated: January 6, 2026
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

5